IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| G.Y. ENERGY CORP | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | A-13-CV-767 LY |
| | § | |
| TODD LEASE GROUP, LLC, PTO OIL & | § | |
| GAS, LLC, O.G.O. MARKETING LLC, | § | |
| ROBERT FREEMAN, individually and | § | |
| aka CHARLES R. FREEMAN III, | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant O.G.O. Marketing LLC's Request for Reconsideration and Motion to Dismiss (Dkt. No. 18); Plaintiff's Response (Dkt. No. 22); Reply (Dkt. No. 23); Defendants' Motion for Summary Judgment (Dkt. No. 21); Response (Dkt. No. 26); and Motion to Dismiss (Dkt. No. 29). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Procedural Background

This case concerns the purchase of a working interest in an oil lease by Plaintiff G.Y. Energy Corp ("G.Y. Energy") from Defendant Todd Lease Group ("Todd"). In its Complaint, G.Y. Energy alleges that Defendants Todd, PTO Oil & Gas, LLC ("PTO"), and Robert Freeman ("Freeman") convinced G.Y. Energy to purchase the working interest in the leased land, and then later interfered

with and terminated the agreements based upon an improper claim there had been 90 days of non-production.[1] G.Y. Energy also alleges that Defendant O.G.O. Marketing, LLC ("OGO"), which sells produced oil and distributes proceeds of those sales, improperly refused to transfer monies generated from oil sales on the leased land in issue to G.Y. Energy. Dkt. No.1 at 1.

G.Y. Energy filed this suit on September 3, 2013. On November 6, 2013, attorney Llloyd Muennink moved to appear pro hac vice on behalf of "all Defendants." Dkt. No. 7. The District Court denied the motion. Dkt. No. 8. Subsequently, on November 8, 2013, purportedly on behalf of all Defendants, Muennink filed an Answer, Motion for Declaratory Judgment, Plea to the Jurisdiction and Motion to Change Venue. Dkt. Nos. 9 & 10. On November 12, 2013, attorney Eugene Nettles of Porter & Hedges filed a separate Answer on behalf of OGO. Dkt. No. 11. On November 27, 2013, Muennink was admitted to practice pro hac vice representing all Defendants except OGO. Dkt. No. 13.

On December 5, 2013, the district court issued an order construing the Motion to Change Venue as a motion to dismiss for lack of subject matter jurisdiction. Relying upon the pleadings, the district court concluded that diversity jurisdiction existed. Dkt. No. 14. The Court found that "Plaintiff's Original Complaint states that Plaintiff is a Louisiana business organization with its principal place of business in Shreveport, Louisiana. Defendants are organized, reside in, or maintain a principal place of business in Texas. Therefore, the court finds that the motion to dismiss should be denied at this time." (Dkt. No. 14).

---

[1] The 90 day non-production period provides a basis for forfeiture of the working interest in the mineral lease. (Dkt. No. 22, p.1). G.Y. Energy alleges that production activities "were ongoing." *Id.*

After the Court entered this order, the parties did not file any pleadings in the case throughout all of 2014. On January 7, 2015, the Court ordered the parties to show cause why the case should not be dismissed for lack of prosecution. Dkt. No. 15. Plaintiff G.Y. Energy responded stating that the parties had been engaged in discovery, conducting depositions and exchanging documents. Dkt. No. 16. The Court therefore did not dismiss the case, and ordered the parties to submit a proposed scheduling order. Dkt. No. 17.

On January 15, 2015, OGO filed a Motion to Reconsider and a Motion to Dismiss. Dkt. No. 18. In the motion, OGO asserts that G.Y. Energy has excluded it from participation in discovery, failed to notice its attorney of depositions in the case, failed to conduct a Rule 26(f) conference despite OGO's attempts to schedule one, never exchanged initial disclosures, failed to include it in any exchange of documents conducted at depositions, failed to notice it of any discovery requests, and generally failed to prosecute its claims against OGO. OGO further asserts that it notified G.Y. Energy that it intended to challenge the Court's diversity jurisdiction, and this information was excluded from the Proposed Scheduling Order submitted to the Court.

OGO also maintains that G.Y. Energy was well aware at all times that OGO had appeared in the case and was represented by separate counsel from the other Defendants, and that G.Y. Energy communicated with a Porter & Hedges attorney about the Joint Discovery/Case Management Plan. In light of G.Y. Energy's various alleged misrepresentations to the Court, OGO moves the Court to reconsider its order denying OGO's motion to dismiss. Additionally, OGO requests the court to dismiss the case with prejudice pursuant to Rule 41(b) as a sanction for failure to comply with the Federal Rules of Civil Procedure. In response, G.Y. Energy admits that OGO's Porter & Hedges attorney was left off various discovery notices and not notified of scheduled depositions, but represents

3

that it believed that Mr. Muennink represented OGO as co-counsel with the Porter & Hedges attorney. Dkt. No. 22.  OGO replies that Mr. Muennink has never represented OGO as counsel or co-counsel. Dkt. No. 23.

On January 21, 2015, all Defendants, with the exception of OGO, filed a Motion for Summary Judgment.  Dkt. No. 21.  G.Y. Energy filed its Response on February 4, 2015.  Dkt. No. 26.  On February 13, 2015, OGO filed an additional Motion to Dismiss, this time alleging the Court lacks subject matter jurisdiction because G.Y. Energy is incorporated in Texas as well as Louisiana, and therefore complete diversity is lacking.  Dkt. No. 29.  G.Y. Energy has not filed a Response.

## II.  ANALYSIS

### A.    Standard of Review

A motion to dismiss for lack of subject matter jurisdiction must be considered before any other challenge because the court must find jurisdiction before determining the validity of a claim.  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994) (internal citations omitted).  "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court sua sponte, at any time."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); FED.R.CIV.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action .").  Likewise, the Supreme Court has long held that an objection to a court's subject-matter jurisdiction can be made "at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  Accordingly, the undersigned must address the issue of subject matter jurisdiction raised in OGO's Motion to Dismiss before addressing any of the other motions.

Where dismissal is sought for lack of subject matter jurisdiction, the proper vehicle to raise that issue is a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Cupit v. United States*,

4

964 F.Supp. 1104, 1107 (E.D. La. 1997) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156–57 (5th Cir. Unit B March 1981)). In considering a motion to dismiss, the district court must accept as true the allegations and facts set forth in the complaint and may consider matters of fact which may be in dispute. *Ruiz v. Donahue*, 569 F. App'x 207, 210 (5th Cir. 2014) (per curiam). The district court can therefore dismiss for lack of subject matter jurisdiction on the basis of: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id;* *see also Bryan v. Stevens*, 169 F.Supp.2d 676, 681 (S.D. Tex. 2001) (citing *Den Norske Stats Oljeselskap As v. Heeremac Vof*, 241 F.2d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting there is jurisdiction. *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 315 (5th Cir. 2012)); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.*

**B.     Diversity Jurisdiction**

District courts have diversity jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A corporations is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

As noted, OGO contends that complete diversity is lacking. As evidence, it submits that the Plaintiff, G.Y. Energy Corp, while a Louisiana corporation with its principal place of business in

Shreveport, Louisiana, is also incorporated in Texas. OGO submits records from the Texas Secretary of State to support this contention. Dkt. No. 29, Ex. 1. Additionally, OGO submits an e-mail from GY's counsel responding to OGO's question of whether the "G.Y Energy Corp." incorporated in Louisiana, and the "G.Y Energy Corporation" incorporated in Texas are one and the same entity. Dkt. No. 29, Ex. 2. G.Y. Energy's counsel responds that the two are in fact the same entity. *Id.* Lastly, OGO submits evidence that the two entities have the same organizer (Yanping Gao), the same directors (Jun Guo and Yanping Gao), and the same registered agent (Yanping Gao). Dkt. No. 29, Exs. 1, 3. G.Y. Energy has failed to file any response or controverting evidence.

Under the Local Rules of this Court. if a party fails to file a response to a motion within the applicable time limit, the Court may grant the motion as unopposed. Local Rule CV-7(e)(1). Though that alone is basis to grant the motion to dismiss, the motion is also valid on the merits. The uncontroverted evidence submitted by OGO demonstrates that G.Y. Energy is incorporated in Texas, as well as in Louisiana. As noted earlier, the diversity statute's language addresses this very situation, stating that a corporation is "deemed to be a citizen of *every* State and foreign state by which it has been incorporated." 28 U.S.C. § 1332(c)(1) (emphasis added). G. Y. Energy has the burden of demonstrating the existence of jurisdiction, and it has failed to respond to the motion, or to file any evidence controverting OGO's evidence demonstrating that G.Y. is incorporated in Texas. Because all of the defendants are citizens of Texas, there is no diversity of citizenship present, and the Court lacks jurisdiction over this case.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendant O.G.O. Marketing LLC's Motion to Dismiss (Dkt. No. 29) and **DISMISS** this case for

lack of subject matter jurisdiction. The Court **FURTHER RECOMMENDS** that the District Judge refrain from ruling on the other pending motions, and dismiss those without prejudice.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE