IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| G.Y. ENERGY CORP § | |
| § | |
| v. § | A-13-CV-767 LY |
| § | |
| TODD LEASE GROUP, LLC, et al. § | |

**SUPPLEMENT TO REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Supplement to the Report and Recommendation submitted on April 15, 2015, Dkt. No. 35, to address the impact of the Stipulation of Dismissal submitted by Plaintiff G.Y. Energy Corp and Defendant O.G.O. Marketing on the recommendation made in the original R & R.[1]

With regard to the stipulation of dismissal, Rule 41(a)(1)(A)(ii) allows for plaintiffs to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." As OGO notes (*see* Dkt. No. 36), "[e]xcept in special circumstances . . . a voluntary order of dismissal . . . is effective upon filing and does not require the approval of the court." *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004). Thus, if the stipulation of dismissal was properly completed and filed, OGO is correct that it was dismissed from this case pursuant to the stipulation.

There may be a question on this last issue, however, because the stipulation filed with the Court contains only the signatures of the plaintiff and defendant OGO, and not those of any of the other

---

[1] On April 17, 2015, OGO filed a Request to Clarify the Record, requesting that the record reflect that OGO was dismissed by stipulation pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii). Dkt. No. 36.

defendants. Rule 41(a)(1)(A)(ii) requires that a stipulation contain the signatures of "all parties who have appeared." By its own terms, this requires the signature of every defendant who has appeared in a case with multiple defendants. *Anderson-Tully Co. v. Federal Ins. Co.*, 347 Fed.Appx. 17 (6th Cir. 2009) (holding the plain meaning of "all parties who have appeared" to include all entities who have ever appeared in the action as parties even if already dismissed.); *Degregorio v. O'Bannon*, 86 F.R.D. 109, 118–19 (E.D. Pa. 1980); *Alholm v. American S.S. Co.*, 167 F.R.D. 75, 79–80 (D. Minn. 1996) (holding that because some of the defendants did not execute the stipulation, there could not be a dismissal under Rule 41(a)(1)(A)(ii)). This technical deficiency would not be fatal to the stipulation, however, as Rule 41(a)(2) gives a court the power to permit the plaintiff to dismiss a party "by court order." At present, however, no court order dismissing OGO has been entered.

Regardless, whether OGO is viewed as still being a party to the case, or as having been dismissed as of April 7, 2015, the undersigned's original recommendation that the case be dismissed for lack of jurisdiction remains unchanged. Even if OGO was no longer a party on April 7, 2015, "[f]ederal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); FED.R.CIV.P. 12(h)(3). As noted in the original R&R, the Complaint in this case reflects that all of the defendants are Texas residents. Further, the uncontroverted evidence submitted to the Court in the motion to dismiss briefing demonstrates that G.Y. Energy is incorporated in Texas, as well as in Louisiana. Dkt. No. 29, Exs. 1-3. G.Y. Energy has to date submitted nothing to contradict this evidence. Thus, even if OGO is no longer a party to the case, the fact remains that all of the remaining parties are citizens of Texas, and there is no diversity of citizenship present. G.Y. Energy was given notice of these facts, as well as an

opportunity to respond, through OGO's motion to dismiss, and failed to do so. It will have a further opportunity to do so through any objections it chooses to file to the original R&R or to this supplement. Accordingly, it is appropriate that the Court take up the issue of its jurisdiction over the case *sua sponte*. In the end, whether considered through OGO's original motion, or by the Court *sua sponte*, it is plain that diversity jurisdiction is lacking in this case. For that reason, the undersigned continues to recommend that the case—or whatever part of it remained after the Stipulation of Dismissal was filed April 7, 2015—be dismissed for lack of jurisdiction.

## WARNINGS

The parties may file objections to this Supplement to Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE